No. 3610.—GEORGE STEWART *v.* JANE ROBINSON.

If an injunction has been obtained against the enforcement of a judgment and the evidence given on the trial of a rule to dissolve it shows clearly that the plaintiff had no grounds for injunction, then damages will be given against the plaintiff in injunction, regulated by the amount of the judgment injoined.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. B. C. Elliott,* for plaintiff and appellant. *V. O. King* and *B. King Cutler,* for defendant and appellee.

TALIAFERRO, J. This case was before the appellate court in January, 1871, 23 An. 83, upon an injunction taken out by the defendant to stay an order of seizure and sale, issued at the suit of the plaintiff and under which the sheriff had seized several town lots in the city of Jefferson, mortgaged to secure the payment of a note for the sum of $1276 90, with interest. The judgment of the lower court, dissolving the injunction, was affirmed by this court. After filing the mandate in the court below the plaintiff renewed the seizure, and was again opposed by a second injunction, which forms the basis of the present action. There was an intervention filed in the case by a Miss Boyle, which was dismissed.

The grounds stated by defendant for the injunction are:

*First*—That under a writ of seizure and sale and a writ of *fieri facias,* issued by plaintiff on the fifteenth of February, 1871, the property of defendant was seized and advertised to be sold on the eighth of April following; but that the sheriff illegally postponed the sale so advertised to the thirteenth of May, then next ensuing, without the consent of the defendant and to her detriment.

*Second*—That no legal sale of the property could be made under the

writ of *fi. fa.* on the thirteenth of May, because it had expired, no return or renewal of the writ having been made.

*Third*—That defendant had no notice to appoint an appraiser, a right which she claims under article six hundred and seventy-one of the Code of Practice.

The defendant in injunction took a rule upon the plaintiff to show cause why the injunctions should not be dissolved. Upon trial of the rule, the injunction was dissolved, and from that judgment the defendant in the suit appealed. The grounds set up by the defendant for suing out this injunction are not sustained by the evidence in the record. A suspension of the writ of *fieri facias* it seems occurred from the intervention of Miss Boyle, claiming the property as owner, but it is shown that at the expiration of the writ, about the last of April, it was duly returned, and a duly certified copy obtained from the clerk as required by law, the seizure being preserved. The record shows that the defendant had notice to appear and appoint an appraiser.

The appellee prays that the judgment of the lower court be amended by allowing him twenty per cent. damages against the appellant for an abuse of the remedy of injunction and for vexatious delay in enforcing his claim. The evidence shows that the plaintiff had no grounds for the injunction.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to condemn the plaintiff in injunction, and her sureties on the injunction bond, *in solido* to pay the plaintiff as damages ten per cent. upon the amount of the judgment, the enforcement of which was injoined, and as thus amended that the decree of the court *a qua* be affirmed with costs.

Rehearing refused.